LEWIS WEBB v. TOWN OF BEAUFORT.

*Towns and Cities—Taxation.*

Whenever the authorities of a town shall be commanded to levy and collect taxes to pay a judgment rendered against it, they may appoint a special tax-collector to collect the same. Act 1876–'77, ch. 257. But this power to appoint such a collector is additional, and does not abridge their right to require the collection to be made by the regular officer appointed for that purpose.

APPLICATON for *mandamus* heard at Spring Term, 1880, of CARTERET Superior Court, before *Avery, J.*

Defendant appealed.

*Messrs. W. B. Rodman* and *Strong & Smedes*, for plaintiff.
*Messrs Simmons & Manly*, for defendant.

SMITH, C. J. The plaintiff recovered judgment at February term, 1861, of the late county court of Carteret against the commissioners of the town of Beaufort, in the sum of $333.90, with interest on $300, principal money thereof from that date, and for costs. On application of the plaintiff a peremptory writ of *mandamus* issued on September 1st, 1879, commanding the commissioners "to levy taxes sufficient to pay, and to pay to the plaintiff or his attorney," the sum still due on said judgment, whereof a small sum had been raised by sale under execution of the market-house and two lots of land in said town, and for the costs incurred in the action.

The charter of the town, in force when the debt was contracted and judgment rendered, was repealed on March 2d, 1875, (Private Acts 1874–'75, ch. 33), and again the town was re-incorporated by the act of January 13th, 1877 (Act 1876–'77, ch. 43), "subject to all the provisions contained in the one hundred and eleventh chapter of Battle's Revisal of the laws of North

Carolina, and not inconsistent with the laws of this state and the United States, except so much of section sixteen as allows the commissioners of said town to determine the amount of their salaries and compensation, and also the salary and compensation of the mayor, and so much of section nineteen as allows the commissioners of said town to impose assessments of labor on citizens of the town, and sections thirty-six and thirty-seven."

The operation of the act was suspended on the result of a popular vote, upon its ratification or rejection, by the qualified electors, to ascertain which an election was directed to be held, and which, as we suppose, was in approval. It commits the government of the town to a board consisting of "a mayor and five commissioners."

In the return to the writ and in excuse for non-compliance with its directions, the defendants say, that in addition to the twenty-five cents levied upon every one hundred dollars in value of the real and personal estate, to be used only to defray the necessary expenses of local administration, they have levied thirty cents on the like valuation of real estate situate within the corporation, as authorized in section sixteen of chapter 111 of Battle's Revisal, and ninety cents on the taxable poll, for the purpose of discharging the judgments recovered by the plaintiff and by other creditors, who have caused similar coercive writs to issue against them, and this assessment is, in their opinion, as great as can be collected out of the people in a single year, without great and ruinous waste and sacrifice of property; that this special tax is in readiness to be put in a list for collection, and to be delivered to any officer authorized to enforce payment, but they have been unable to find any one competent, and who can give the required bond, for them to appoint to that office, after diligent efforts to do so.

The court deemed the facts stated in the answer no sufficient defence for disobeying the requirements of the mandate, and ordered a rule to be served on the defendants, returnable to the

63

next term, to show cause why an attachment should not issue
against them for their disobedience, from which judgment they
appeal.

We do not propose to pass upon the adequacy of the tax laid
to meet the creditors' aggregate demands, nor do we understand
them to complain that it is insufficient, or, if insufficient, that it
is not as great as can be practically enforced and its fruits made
available out of the property subject to taxation; but the dere-
liction in the duty imputed consists in the failure to complete the
tax lists, containing the special tax, and placing it in the hands
of their collecting officer.

The chapter in Battle's Revisal entitled "Towns," whose pro-
visions, with some exceptions, are embodied in and constitute a
portion of the present charter, confers authority upon the com-
missioners to appoint a town constable (§ 16) and he possesses
power "to collect the taxes imposed by the commissioners, as
sheriffs have to collect the taxes imposed by the county commis-
sioners" (§ 24).

The defendants do not state that there is no town constable to
perform the service of the collection, to whom the tax-lists could
have been delivered, but seem to seek protection under the act
of March 12th, 1877, which they interpret in the conferring of
power upon a municipal corporation, required by a judgment of
court to levy taxes for payment of debts, to appoint a special
tax collector for that purpose, as exonerating all others, charged
with collection of usual taxes, from this particular service.  Act
1876–'77, ch. 257.  But this is a misconstruction of the act and
of its obvious import.  The bestowal of this additional authority
upon municipal taxing corporations does not abridge that already
possessed by them.  It only affords increased facilities for fulfilling
the decretal orders of the court, without overtaxing the capa-
bility of existing collecting officers.  The exoneration from such
duties is confined to sheriffs or other collectors "of state and gen-
eral county taxes" in the counties, other than those excepted by
name, and extends to no other collecting officers (§ 3).

We have not considered the general subject of the town's liability as affected by the legislation which repeals the one charter and grants another, since it is not before us upon the appeal, and it is considered in the case of *Lilly* v. *Taylor,* determined at this term, *ante,* 489.

Our decision is that the tax lists should have been prepared and delivered to the town constable, or some sufficient reason assigned for not so doing. There is no error in the ruling on this point. Let this be certified.

No error. Affirmed.